## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORETTA C., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:21-CV-922-RAR |
| | : |
| KILOLO KIJAKAZI, | : |
| ACTING COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

### RULING ON PENDING MOTIONS

Loretta C. ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") pursuant to 42 U.S.C. § 405(g).  The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated April 12, 2020.  Plaintiff timely appealed that decision.

Currently pending before the Court are plaintiff's motion to reverse or remand her case for a hearing (Dkt. No. 18) and defendant's motion to remand the Commissioner's decision (Dkt. No. 22).

For the reasons that follow, the plaintiff's motion to remand or reverse is DENIED as moot and the Commissioner's motion to remand is GRANTED in part.

1

**PROCEDURAL HISTORY**

This Court has previously had the opportunity to review this matter and provide a lengthy recitation of the procedural history of this case.  The Court does not believe that a full recitation of the procedural history and facts is necessary.  The Court incorporates by reference the previous discussion provided in the decisions issued in plaintiff's other cases before this court.  *See* Loretta C. v. Colvin, No. 3:16-cv-1372 (RAR), at 2-5 (D. Conn. Nov. 29, 2018) and Loretta C. v. Colvin, No. 3:19-cv-1440 (RAR), at 2-5 (D. Conn. Nov. 29, 2018).

**STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function."  Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981).[1]  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ."  42 U.S.C. § 405(g).  Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence.  Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this Court may not set aside the decision of the Commissioner if it is supported by substantial evidence.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position.  Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit Court of Appeals has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence must be "more than a scintilla or touch of proof here and there in the record."  Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to an individual who has a disability.  42 U.S.C. § 423(a)(1).  "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ."  42

U.S.C. § 423(d)(1).  To determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

To be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  Id.[3]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.  The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.  20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work."  Id.

## I.  Discussion

Plaintiff timely appealed to this Court for review of the most recent decision by the Social Security Administration. (Dkt. #1.)  Plaintiff's counsel then filed a motion seeking the reversal or remand of the case for further proceedings.  (Dkt. #18.)  In the typical case before this Court, the Commissioner would thereafter file a motion to affirm the decision of the Commissioner in response to plaintiff's motion.  That, however, is not how this case progressed.  Upon review of the case, the Commissioner instead filed a motion seeking to remand the case back to the Agency. (Dkt. #22.)  In response, plaintiff stated that she does not consent to the remand, as articulated by the Commissioner. (Dkt. #23.)

In this case the Commissioner, in seeking a remand under sentence four of 42 U.S.C. §405(g), argues that the ALJ committed error based on the Agency's failures identified in a previous remand issued by this Court.  Specifically, the Commissioner states that under the Court's previous order the ALJ was instructed to "obtain additional evidence to resolve inconsistencies between the record and the treating physician's medical sources statement." (Dkt. #22-1 at 1.) According to the Commissioner, the ALJ took additional testimony but failed to contact the identified physician for any clarification of the previously identified discrepancies. (Id.)  The Commissioner

further states that remand is additionally appropriate in this
case because there is evidence in the record regarding an upper
extremity impairment that was not properly evaluated at step two
of the five-step sequential evaluation process. (Id.)

Upon review, the Court has determined that this oversight
by the ALJ could result in a different outcome for the
plaintiff.  Indeed, the plaintiff's unreviewed extremity
impairment may render the claimant disabled, or the
clarification from the physician could alter the ALJ's findings
regarding the treating physician's medical source statement.

It is clear to the Court that both parties agree that the
ALJ's opinion in this matter is insufficient.  The Court agrees.
However, in this instance the parties are not in agreement on
how the case should be handled upon remand.  The Commissioner
argues that this case should be remanded to the Agency to
correct the errors it has identified.  Once this is completed a
new decision would be rendered.

For her part, the plaintiff argues that this case is very
old, nine years at the time of filing, such that the remand
should be solely for the calculation of benefits.  Plaintiff
continues by arguing that there is substantial evidence to
support a finding that the plaintiff is disabled. (Dkt. #23 at
6-7.) At the very least, if sent back for further proceedings,

plaintiff asks that the case be evaluated by a new ALJ. (Dkt. #23 at 7.)

"Reversal and entry of judgment for the claimant is appropriate only 'when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'" Baez v. Astrue, No. 08 CIV. 5337(DLC), 2009 WL 2151828, at *3 (S.D.N.Y. July 20, 2009) (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).  That is not the situation in this case.  Plaintiff concedes that the ALJ's analysis is flawed, in that there was a failure to fully develop the record, despite the previous order from this Court. (Dkt. #23 at 3.)  As such, the Court is constrained to conclude that a remand for further evidentiary proceedings would serve a purpose and would be valuable.  "Further findings would 'plainly help to assure the proper disposition' of [plaintiff's] claim; therefore, remand for further factfinding as to the extent of [plaintiff's] [] impairment[s] is the appropriate remedy." Mariani v. Colvin, 567 Fed. Appx. 8, 11 (2d Cir. 2014)(quoting Rosa v. Callahan, 168 F.3d 72, 83(2d Cit. 1999)).  It would be counter-intuitive for the Court to determine that a record, which the Court has already concluded in previous rulings contains gaps and inconsistencies, is a sufficient basis for the Court to award benefits to a claimant solely due to the passage of time.

Therefore, this matter is remanded to the Agency for a new hearing before a newly assigned ALJ.  The ALJ is instructed to review the previous orders of this Court and to properly follow the instructions laid out therein.  Further, as the Commissioner stated in its motion, the Agency will develop the record in accordance with the previous orders of this Court, will properly consider the medical source opinions at issue in this case, and properly evaluate the impairment to plaintiff's upper extremity. Thereafter, the Agency will issue a new determination and decision regarding plaintiff's eligibility for benefits.

The Court notes that this matter has been pending for an unreasonable period of time and plaintiff is entitled to have this saga end.  The Court does not believe that it is permitted, in this specific situation, to hold that the passage of time alone allows the case to be remanded for a calculation of benefits.  However, this matter must eventually be concluded. To that end, the Court urges the Social Security Administration to endeavor to process this matter as efficiently as possible.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED as moot and the Commissioner's motion to remand is GRANTED in part.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a

judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. <u>See</u> 28 U.S.C. § 636(c)(3).

SO ORDERED this 1st day of November, 2022 at Hartford, Connecticut.

/s/
_____

Robert A. Richardson
United States Magistrate Judge